**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mason Stephens,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Serta Simmons Bedding LLC,<br><br>　　　　　Defendant. | No. CV-21-01115-PHX-DLR<br><br>**ORDER** |

At issue is Plaintiff Mason Stephens' Application for a Temporary Restraining Order ("TRO") (Doc. 4), which is fully briefed (Docs. 12, 13). Stephens' application will be denied.

**I. Background**

In 2015, Stephens accepted a District Sales Manager position with Defendant Serta Simmons Bedding, LLC ("SSB"). As part of that acceptance, Stephens signed a Confidentiality, Non-Competition, and Non-Solicitation Agreement ("Agreement"). Among other things, the Agreement precluded Stephens, during the term of his employment and for twelve months after termination, from (1) performing the same or substantially the same job duties for a competitive business within Arizona, Colorado, Kansas, Montana, Nebraska, New Mexico, Oklahoma, South Dakota, Texas, and Wyoming, (2) soliciting or attempting to solicit business from any of SSB's customers, prospective customers, licensees, or vendors with whom Stephens had material contact

during the last two years of his employment with SSB, and (3) recruiting, soliciting, inducing, or attempting to recruit, solicit, or induce any non-clerical SSB employee with whom Stephens had material contact or supervised while working for SSB to terminate their employment relationship with the company. The Agreement also contained an arbitration clause, under which the parties agreed that any controversy involving the construction or application of the Agreement would, upon written request of either party, be submitted to arbitration. The parties further agreed that any such arbitration would occur in Atlanta, Georgia, and be governed by the American Arbitration Association's ("AAA") Commercial Arbitration Rules.

Stephens claims that he resigned from SSB effective Friday, February 28, 2020, only to be re-hired by the company in a different position on Monday, March 2, 2020. Stephens claims that the twelve-month clock on the restrictive covenants in the Agreement began to run on February 28, 2020, and therefore expired February 28, 2021. He also contends that the Agreement, including its arbitration clause, applied only to his prior period of employment and did not carry over to his re-employment with SSB in the new position, for which he did not sign new agreements.

In May 2021, Stephens abruptly resigned from SSB to work for a company that SSB considers to be a competitor. Consequently, on June 3, 2021, SSB filed with the AAA a complaint and demand for arbitration, along with an emergency motion for a TRO. On June 11, 2021, the arbitrator ordered briefing on the issues of arbitrability and the applicable term of Stephens' restrictive covenants.

In the meantime, on June 17, 2021, Stephens filed this case in Maricopa County Superior Court, seeking a declaration that the arbitration clause and restrictive covenants are no longer enforceable and a stay of the pending arbitration. Stephens concurrently filed an application for a TRO seeking to enjoin the arbitration.

On June 22, 2021, the arbitrator issued an order finding, among other things, that (1) Stephens had been continuously employed by SSB until his resignation in May 2021, (2) Stephens' restrictive covenants remain in effect, (3) there is a valid agreement to

arbitrate between the parties, (4) this dispute falls within the scope of the Agreement, and (5) this is the type of dispute the parties had agreed to arbitrate.

On June 25, 2021, SSB removed this matter to federal court. That same day, Stephens re-noticed his application for a TRO.

**II. Legal Standard**

A TRO serves a different purpose than a preliminary injunction. The purpose of a TRO is to preserve the status quo pending a full hearing on a preliminary injunction motion if irreparable harm will occur in the interim. *See Ariz. Recovery Housing Ass'n v. Ariz. Dep't of Health Servs.*, No. CV-20-00893-PHX-JAT, 2020 WL 8996590, at *1 (D. Ariz. May 14, 2020). Though their purposes differ, the standards for issuing a TRO and a preliminary injunction are identical. *Whitman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998). A plaintiff seeking a TRO must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of immediate relief, that the balance of equities tips in his favor, and that a TRO is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). These elements are balanced on a sliding scale, whereby a stronger showing of one element may offset a weaker showing of another. *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1131, 1134-35 (9th Cir. 2011). The sliding-scale approach, however, does not relieve the movant of the burden to satisfy all four prongs for the issuance of a TRO. *Id.* at 1135. Instead, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a [TRO], so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the [TRO] is in the public interest." *Id.* at 1135. The movant bears the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

**III. Discussion**

According to Stephens, the irreparable harm he faces in the absence of a TRO is

- 3 -

that he "will be required to arbitrate claims when he never in fact agreed to do so," which, in turn, will cost him time and money. (Doc. 13 at 8-9.) Thus, the pertinent merits question is whether Stephens is likely to succeed on his claim that the arbitration clause is no longer enforceable, either because it expired with his alleged resignation on February 28, 2020, or because it was position-specific, such that it did not carry over when he accepted a new position with SSB on March 2, 2020. Stephens' application for a TRO is denied because it is unlikely that this Court has jurisdiction over Stephens' claims.

Determining whether a matter is subject to arbitration requires a court to examine two gateway issues: (1) whether the parties have a valid, enforceable agreement to arbitrate, and (2) whether the agreement covers the dispute at issue. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). These gateway questions, however, can be delegated to the arbitrator, so long as there is clear and unmistakable evidence that the parties intended to do so. *Id.* Here, the arbitration clause expressly states that any arbitration under the Agreement will be governed by the AAA Commercial Arbitration Rules. Rule 7 of the AAA's Commercial Rules states: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." *See* AAA, Commercial Arbitration Rules and Mediation Procedures (effective October 1, 2013), available at https://www.adr.org/sites/default/files/CommercialRules_Web-Final.pdf. And the Ninth Circuit has held "that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Opus Bank*, 796 F.3d at 1130. Consequently, it is unlikely that Stephens will succeed in this action because the parties likely delegated to the arbitrator the authority to decide gateway questions, such as the existence of a valid and enforceable arbitration agreement. Indeed, the arbitrator has already exercised this delegated authority and rejected the precise arguments Stephens advances here.

Because Stephens has demonstrated neither a likelihood of success on, nor serious questions going to, the merits of his challenge to the pending arbitration, he necessarily has not carried his burden for obtaining a TRO.

**IT IS ORDERED** that Stephens' application for a TRO (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall confer and, if Stephens intends to pursue a motion for a preliminary injunction, submit to the Court by no later than **July 12, 2021** a joint proposed briefing schedule.

Dated this 7th day of July, 2021.

Douglas L. Rayes
United States District Judge